IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

vs.  3:06cr458/RV
 3:10cv165/RV/MD

**ALEJANDRO MILLAN,**
  Defendant.

___

# REPORT AND RECOMMENDATION

This cause is before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 186). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND AND ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine (Doc. 66 & 72). He was sentenced to a term of 87 months imprisonment, the mid-point of the applicable guidelines range, on April 18, 2007. (Doc. 114. 118 & 119). The docket sheet reflects no further action in this case until the instant motion to vacate, set aside or correct sentence was received on May 17, 2010. (Doc. 186). From the defendant's motion, although inartfully drafted, it appears that he believes

that his sentence was excessive in light of his attorney's predictions, that counsel told him to remain silent during sentencing and failed to file an appeal, and that he seeks either relief from the deportation order or a shorter sentence based on his acceptance of that order. He acknowledges the untimeliness of his petition, but asks that this court review the petition nonetheless.

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App.P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (2000). In this case, defendant's conviction and sentence became final when this period expired, on May 7, 2007. Therefore, a timely § 2255 motion had to be filed not later than May 7, 2008.

Because the instant motion is facially untimely, the court must next consider whether the claims raised herein fall within any of the exceptions enumerated above. The United States Supreme Court recently held in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) that defense counsel's performance is constitutionally deficient if counsel fails to advise his client that a conviction for drug distribution subjects him to

automatic deportation.[1]   This does not appear to be a "newly recognized" right. Rather, the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the underlying constitutional basis for the court's decision.  See *United States v. Guzman-Garcia*, 2010 WL 1791247 *2 (E.D. Cal. 2010) ("*Padilla* did not newly recognize a right upon which defendant may rely to reset the running of the limitations period.").  Furthermore, under *Strickland*, in order to show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  466 U.S. at 686, 104 S.Ct. at 2064.  Thus, even if counsel fails to provide accurate information regarding adverse immigration consequences, the defendant must still establish prejudice.  *Id.; Padilla,* 130 S.Ct. at 1478-1479; see also *Boakye v. United States*, 2010 WL 1645055 (S.D. N.Y. 2010); *Ellington v. United States*, 2010 WL 1631497 (S.D.N.Y. 2010).  And, in order to do so and obtain relief on such a claim, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  130 S.Ct. at 1485 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)).  Defendant in this case neither expressly states nor suggests in his petition that he would not have entered a plea of guilty but for counsel's failure to mention this issue.  He only seeks a reduction in his sentence from the 87 months he received to the 60 month sentence his attorney allegedly "offered" him, and removal of the immigration detainer.  Thus, even if *Padilla* were retroactively applicable to the defendant's case, his allegations would not entitle him to relief.

---

[1] In *Padilla*, the defendant claimed that counsel not only failed to advise him prior to his plea that deportation would be virtually mandatory, but also erroneously reassured him that he did not have to worry about his immigration status since he had been in the country for so long.  130 S.Ct. at 1478.  The Court recognized that due to the complexity of immigration law,  in many situations the deportation consequences of a particular plea may be unclear or uncertain.  However, it unequivocally stated "when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear."  130 S.Ct. at 1483.

*Case No: 3:06cr458/RV; 3:10cv165/RV/MD*

**As a final matter the court comments on the defendant's suggestion that counsel "promised" him a particular sentence that was less than the sentence he actually received. The plea colloquy in this case was not transcribed. However, the undersigned is well aware that in order to ensure that a defendant's decision to plead guilty is fully informed, as well as to safeguard against post-conviction claims such as this, courts in this district routinely and ordinarily inform defendants that no one can accurately "predict" what their sentence will be at the time the plea is entered. Defendants are also routinely asked on the record whether anyone has made any promises to them about their sentence or anything else, and warned that they will not be able to withdraw their plea just because the sentence turns out to be greater than they expected. Therefore, even if defendant's motion had not been untimely filed, he would have faced a formidable, if not nearly insurmountable, barrier to obtaining relief.**

**Accordingly, it is respectfully RECOMMENDED:**

**The motion to vacate, set aside, or correct sentence (doc. 186) be summarily dismissed as untimely.**

**At Pensacola, Florida this 24th day of May, 2010.**

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).